# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| GENE CLARK, Register No. 42716, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-4080-CV-C-NKL |
| C.O. I KOON, et al., | ) ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants Dr. Lamour and Terry Leucknotte filed motions to dismiss, citing plaintiff's failure to exhaust his administrative remedies as to his claims. Plaintiff filed a response stating he filed the appropriate IRR's/grievances, and that he has no control over what Department of Corrections personnel did with such complaints.

Upon consideration, the court finds that plaintiff's allegations that he, in fact, filed the appropriate IRR's/grievances are sufficient to allow him to proceed. Despite lack of providing specific evidence that he has exhausted his claims, plaintiff appears to be alleging that DOC defendants were responsible for not filing his IRR's/ grievances he provided to them; thus, administrative remedies were unavailable to him.

Defendants Long and Sweigert have filed a motion to dismiss and/or for more definite statement, arguing that plaintiff's complaint fails to identify either defendant. Defendants' motion will be treated as one for more definite statement. Plaintiff's response argues that defendants Long and Sweigert were involved in the events leading up to and after defendant Koon's attack on him.

Upon review, the court will treat plaintiff's objections filed on May 13, 2005, and his above response to defendants' motion as amendments to his complaint. Based upon such amendments to his complaint, the motion of defendants Long and Sweigert for more definite statement will be denied. Plaintiff alleges defendants Long and Sweigert were aware of defendant Koon's behavior that violated plaintiff's constitutional rights, and took no action to prevent it. Although plaintiff's allegations against these defendants may not be sufficient to survive a motion for judgment on the pleadings or for summary judgment, they are sufficient to proceed at this stage in the process.

IT IS, THEREFORE ORDERED that plaintiff's objections filed on May 13, 2005, and his response filed on September 1, 2005, to defendants' motion to dismiss and/or for more definite statement are treated as amendments to plaintiff's original complaint [10, 22]. It is further

ORDERED that defendants' motion to dismiss and/or for more definite statement is treated as a motion for more definite statement and is denied [14]. It is further

RECOMMENDED that the motions of defendants Lamour and Leucknotte to dismiss for failure to exhaust administrative remedies are denied, without prejudice [25, 29].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 12th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge